

SEALED

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

NOV 19 2018

JULIA C. DUDLEY, CLERK
BY: /s/ J. Clark
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Sprint Spectrum, LP
(Target # 423-963-8519)

Case No. 1:18mj167

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

PLEASE SEE ATTACHMENT "A"

located in the ___N/A___ District of ___Kansas___, there is now concealed *(identify the person or describe the property to be seized)*:

PLEASE SEE ATTACHMENT "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 (b)(1)(B)(viii) | Possession and Distribution of Methamphetamine |

The application is based on these facts:

PLEASE SEE THE ATTACHED AFFIDAVIT.

- ☒ Continued on the attached sheet.
- ☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Byron L. Schiesz, II  Deputy US Marshal
Printed name and title

Sworn to before me and signed in my presence.

Date: 11/19/18

_____
Judge's signature

City and state: Abingdon, Virginia

Honorable Pamela M. Sargent, USMJ
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR A SEARCH WARRANT FOR LOCATION INFORMATION FOR CELLULAR DEVICE UTILIZING (423) 963-8519 | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
APPLICATIONS FOR SEARCH WARRANTS**

I, Deputy United States Marshal Byron L. Schiesz, II, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1. I make the affidavit in support of applications for a search warrant under Federal Rule of Criminal Procedure 41 and U.S.C. §§ 2703(c)(1)(A) for information about the location of the target device utilizing Sprint Spectrum, LP number (423) 963-8519. The target in possession of this device is believed to be Amanda Crystal MOORE. Sprint Spectrum, LP is the confirmed service provided who is headquartered at 6160 Sprint Parkway, Overland Park, KS, 66251. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Deputy U.S. Marshal with the United States Marshal's Service (USMS), and have been since May, 2003. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7)—that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

3. I am charged with enforcing federal laws in all jurisdictions of the United States, its territories and possessions. I am currently assigned to the Western District of Virginia,

Fugitive Operations Section, for the USMS. I have conducted criminal and fugitive investigations throughout my career. I have been the affiant on numerous search warrants regarding the tracking and locating of federal fugitives based on their use of cellular phones. Throughout my career, I have encountered numerous methods that fugitives have used to hinder law enforcement efforts to track their whereabouts including, but not limited to, turning the phones on and off when not in use, having the phones subscribed in family members or friends' names, as well as carrying, switching and using multiple cellular phones on their person.

4. The facts in the affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. The affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about the matter.

5. Based on the facts set forth in the affidavit, there is probable cause to believe that MOORE has violated 21 U.S.C. § 841 (b)(1)(B)(viii) and 21 U.S.C. § 846. MOORE was charged with these crimes on October 10, 2018, in the Western District of Virginia, Abingdon Division, for which an active arrest warrant was issued. There is also probable cause to believe that MOORE is aware of these charges and has fled. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting MOORE, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

**PROBABLE CAUSE**

6. On October 10, 2018, an arrest warrant was issued for MOORE in the Western District of Virginia, Abingdon Division, charging her with both Possession and Distribution of Methamphetamine and Conspiracy to Distribute.

7. During the course of the fugitive investigation into MOORE's whereabouts, a court order was served on Facebook in an effort to obtain information from MOORE's Facebook account, https://www.facebook.com/profile.php?id=100010208195876&ref=br_rs, which could lead Investigators to the location of MOORE. Contained in the information received from Facebook, pursuant to the court order, were IP addresses associated with a cellular device number, (423)-963-8519, utilized to access MOORE's Facebook account.

8. In my training and experience, I have learned that Sprint Spectrum, LP is a company that provides cellular telephone and internet access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell-towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

9. Based on my training and experience, I know that Sprint Spectrum, LP can collect cell-site data about the Target Cell Phone.

## AUTHORIZATION REQUEST

10. Based on the foregoing, I request that the Court issue the proposed warrants, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

11. I further request that the Court direct Sprint Spectrum, LP to disclose to the government any information described in Attachment B-1 that is within the possession, custody, or control of Sprint Spectrum, LP. I also request that the Court direct Sprint Spectrum, LP to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B-2 unobtrusively and with a minimum of interference with Sprint Spectrum, LP services, including by initiating a signal to determine the location of Target Telephone on Sprint Spectrum, LP's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Sprint Spectrum, LP for reasonable expenses incurred in furnishing such facilities or assistance.

12. I further request that the Court authorize execution of both the Provider Tracking Warrant and the Investigative Device Warrant at any time of day or night, owing to the potential need to locate the Target Telephone outside of daytime hours. In particular, allowing execution of the warrants in the nighttime will allow officers to ascertain location with greater precision.

13. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrants to delay notice until 30 days after the collection authorized by the warrant has been completed. The delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of Target Telephone could jeopardize the apprehension of MOORE,

giving him an opportunity to change patterns of behavior or flee prosecution. See 18 U.S.C. § 3103 a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. See 18 U.S.C. § 3103 a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. See 18 U.S.C. §3103 a(b)(2).

14. I further request that the Court direct Sprint Spectrum, LP to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Sprint Spectrum, LP. I also request that the Court direct Sprint Spectrum, LP to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Sprint Spectrum LP's services, including by initiating a signal to determine the location of the Target Cell Phone on Sprint Spectrum LP's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Sprint Spectrum, LP for reasonable expenses incurred in furnishing such facilities or assistance.

15. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

16. I further request that the court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that I neither public nor known to all of the

targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

17. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully Submitted,

Byron L. Schiesz, II
Deputy United States Marshal

Sworn and subscribed before me on *Nov. 19*, 2018.

Honorable Pamela M. Sargent
United States Magistrate Judge

Reviewed by:
Suzanne Kenney
SAUSA 11/19/18

# ATTACHMENT A

## Property to Be Searched

1. The cellular telephone ("Target Cell Phone") assigned to (423) 963-8519, whose wireless service provider is Sprint Spectrum, LP, a company headquartered at 6160 Sprint Parkway, Overland Park, KS 66251.

2. Information about the location of the Target Cell Phone that is within the possession, custody or control of Sprint Spectrum, LP, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

3. For a period of thirty days, during all times of day and night, subsequently to the issuance of the warrant.

# ATTACHMENT B

## Particular Things to be Seized

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of, Sprint Spectrum, LP is required to disclose the Location Information to the government. In Addition, Sprint Spectrum, LP must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Sprint Spectrum, LP, including by initiating a signal to determine the location of the Target Cell Phone on Sprint Spectrum, LP's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Sprint Spectrum, LP for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).